IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLOWE BROWN,

        Petitioner,                      No. CIV S-07-0668 RRB EFB P

    vs.

FELKER, et al.,

        Respondents.             ORDER

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that petitioner failed to exhaust available state remedies with respect to the first two claims.

**I.    Procedural History**

       On June 18, 2004, petitioner was convicted of attempted murder, infliction of corporal injury on a cohabitant, and assault with a deadly weapon. *See* Cal. Pen. Code §§ 664, 187, 273.5(a), 245(a)(1). Based on these convictions and on statutory circumstances justifying an extended sentence, the trial judge sentenced petitioner to a term of 41 years to life in prison. *See* Cal. Pen. Code §§ 12022.7(b)(1), (e), 667(a), (b)-(i). Petitioner appealed the judgment on the grounds that the sentence violated his right to a jury trial as explained in *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), and that the trial judge failed to apply the proper credits for time

served.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof, Lodged Doc. 1.  The appellate court modified the sentence by correcting the time credits, but otherwise affirmed the judgment. *Id.*  Petitioner sought review by the California Supreme Court on the denial of relief under *Blakely*.  *Id.*  The California Supreme Court declined to review the decision.  Lodged Doc. 2.

Petitioner then pursued post-conviction relief.  Although he alleges that he sought post-conviction relief in the trial court, the appellate court, and the California Supreme Court, *see* Pet., at 3, the only petition relevant to this court's determination of respondent's motion is the petition he filed in the California Supreme Court.  He sought habeas relief in that court on the ground that trial counsel was ineffective by advising petitioner not to testify, by advising petitioner to waive his right to a jury trial on the prior convictions that ultimately were used to enhance his sentence, and by failing to produce evidence that the police department had destroyed material, exculpatory evidence.  Lodged Doc. 3.  That court denied relief.  *Id.*

On April 9, 2007, petitioner filed his application for habeas relief in this court.  Petitioner challenges his judgment of conviction on the following grounds: (1) prosecution witnesses Lois Willis and J. Espinosa gave contradictory testimony; (2) prosecution witness J. Espinosa gave conflicting reports to the police before trial and then gave yet a different version of events at trial; and (3) trial counsel was ineffective by advising petitioner not to testify; failing to introduce evidence that the police destroyed material, exculpatory evidence; failing to investigate the possibility that someone else committed the offenses; and failing to adduce evidence that Lois Willis called 911 and admitted to smoking crack cocaine before the incident.

**II.    Failure to Exhaust**

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

*Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

**III.    Analysis**

As noted above, respondent contends that the petition is mixed. He submits petitioner's state-court pleadings showing that petitioner did not include in either his petition for review or his habeas corpus petition in the California Supreme Court the first two claims that he makes in this federal petition. Respondent concedes, however, that petitioner exhausted the available state remedies with respect to his claim that counsel rendered ineffective assistance. In his opposition, petitioner argues that he presented to the California Supreme Court all of the claims he makes in the federal petition. Specifically, he claims that he submitted with his petition documents evidencing his first and second claims and he alleges facts in support of these claims. However, he has not submitted any documents showing that he actually presented these two claims to the California Supreme Court, and that the court addressed those claims. Therefore, the court finds that petitioner has not exhausted available state remedies with respect to the first two claims he makes in the federal petition, i.e., that prosecution witnesses Lois Willis and J. Espinosa gave contradictory testimony, and that J. Espinosa gave conflicting reports to the police before trial

and then at trial testified to yet a different version of events. The petition, therefore, is mixed.

As noted above, the court may stay this action and hold it in abeyance while petitioner presents his claims to the California Courts. *Rhines*, 544 U.S. at 277-78. However, petitioner must inform the court that he wishes to proceed in this fashion, in which case he has the burden of demonstrating that he had good cause for his failure to exhaust, the unexhausted claims potentially have merit and petitioner did not engage in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-278.

In the event petitioner decides that he does not wish to have this action stayed while he exhausts the available state remedies for his first and second claims, he must file an amended petition containing only his exhausted claim. *See Rose*, 455 U.S. 520.

Accordingly, it hereby is ORDERED that:

1. The court finds that the petition contains exhausted and unexhausted claims;

2. Petitioner has 30 days either to file a motion requesting that this action be stayed while he presents his unexhausted claims to the California courts or to file an amended petition containing only his exhausted claim; and

3. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Dated: February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE