IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLOWE BROWN,

    Petitioner,                                 No. CIV S-07-0668 RRB EFB P

    vs.

FELKER, et al.,

    Respondents.                      FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Pending before the court is petitioner's February 22, 2008, request to stay this action and hold it in abeyance while he exhausts the available state remedies with respect to some of his claims. Respondents have not filed any opposition. For the reasons explained, the court denies the request.

        This action proceeds on the April 9, 2007, petition for a writ of habeas corpus. On June 28, 2007, respondents filed a motion to dismiss the petition on the ground that it contained both exhausted and unexhausted claims. Petitioner failed timely to file an opposition to the motion. Thus, on October 9, 2007, the court directed petitioner to file either an opposition to the motion or a statement of no opposition. Petitioner filed an opposition on October 16, 2007. On February 12, 2008, the court found that the petition was in fact mixed, i.e., it contained both

exhausted and unexhausted claims. The court therefore directed petitioner either to file an amended petition including only his exhausted claims, or file a request that this court stay this action and hold it in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). The court informed petitioner that under *Rhines*, he had the burden of demonstrating that there was good cause for failing to exhaust, the unexhausted claims potentially have merit and he did not engage in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78. The court also stated that petitioner's failure to comply with the order would result in a recommendation that this action be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (federal court must dismiss mixed petition without prejudice). In his request that this action be stayed, petitioner states only:

> I would like to request a stay in order to file my unexhausted claims to the California Courts by order of Magistrate Judge Edmund F. Brennan on February 12, 2008. I Petitioner has [sic] 30 days, [sic] which to do so.

As noted, the United States Supreme Court has imposed on state prisoners seeking habeas corpus relief the burden of justifying the delay that occurs when a federal court stays a habeas action. *Rhines*, 544 U.S. at 277-78. Moreover, a federal court abuses its discretion if it grants a stay without considering each of the factors enumerated in *Rhines. Id.* Here, petitioner has offered no explanation of why he failed to exhaust. Neither has he given the court any reason to believe that his exhausted claims have merit. Accordingly, the court finds that petitioner has not demonstrated that this court should stay this action while he presents his unexhausted claims to the California courts.

Accordingly, it hereby is RECOMMENDED that:

1. Petitioner's February 22, 2008, request that the court stay this action be denied;

2. Respondent's June 28, 2007, motion to dismiss be granted; and,

////

////

////

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 25, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE